RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
Fax: (702) 598-1425

CAL J. POTTER, III, Esq.
Nevada Bar No. 1988
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
Tel: 702-385-1954
Fax: 702-385-9081

CAMERON A. MORGAN, ESQ.
Arizona Bar No. 6709
4295 N. 75th Street
Scottsdale, Arizona 85251
Tel: 480-990-9507
Fax: 480-990-9509

Attorneys for Plaintiff
MICHAEL COFFELT

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL WAYNE COFFELT<br><br>Plaintiff,<br><br>v.<br><br>GLENDALE POLICE DEPARTMENT; CITY OF GLENDALE; PHOENIX POLICE DEPARTMENT; CITY OF PHOENIX; SPECIAL AGENT JAY DOBYNS, AGENT JOE SLATELLA #2791, LAURA BEELER, and J. Carlo, individually and as officers of the Glendale Police Department; DOES I through X inclusive; and ROE CORPORATIONS I through X, inclusive<br><br>Defendants. | Case No. 04-CV-1384 PHX (JWS)<br><br>**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF RON MCCARTHY** |

Comes Now, Plaintiff, MICHAEL COFFELT, by and through his counsel of record, Richard A. Schonfeld, Cal Potter, and Cameron Morgan and hereby files his Reply to Opposition to Motion to Exclude Testimony of Ron McCarthy.

This Reply is made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any and all argument which may be heard.

DATED this ___4th___ day of June, 2007.

Respectfully Submitted:

RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
Fax: (702) 598-1425

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Defendants premise their Reply on the notion that Ron McCarthy has sufficient personal knowledge and experience in support of his testimony. Defendants ignore the fact that Mr. McCarthy's entire testimony is based upon unsupported conclusions regarding the Hells Angels and alleged exigent circumstances. Moreover, Mr. McCarthy's conclusions are entirely premised upon believing Laura Beeler's assertion that Mr. Coffelt pointed a gun at her, an assertion that was rejected by both the Superior Court of Arizona and the Arizona Court of Appeals.

Most significant, Mr. McCarthy testified that he was not given any intelligence or information by a federal or state agency concerning the Hells Angels. Exhibit D[1], p. 28. The witness stated "The only thing that I know about the Hell's Angels is my own personal experience of them as a cop in Los Angeles for 24 years plus..." Exhibit D, p. 28. It should be remembered that the witness retired from the police force over twenty three years ago. The witness specifically stated that during the time that he acted as an expert in this case he was not given any information concerning the Hell's Angels in Arizona. Exhibit D, p. 28.

Defendants acknowledge that in order for their alleged expert to testify, his opinion must be based upon "sufficient facts or data". See Rule 702. Clearly, his testimony is not.

The Defendants further ignored the holding in *Scroggins*, and the fact that all information upon which McCarthy would testify caused exigent circumstances were facts known to the officers prior to the execution of the search warrant. The Defendants also ignored the holding in *Hells Angels v. City of San Jose*, wherein the Ninth Circuit specifically held that the execution of a dog

---

[1] Reference to Exhibits are those Exhibits filed in Support of Plaintiff's Motion and are incorporated herein by reference.

under circumstances such as this case constitutes an illegal seizure under the Fourth Amendment.

Most significant, the Defendants ignored the holding in *Doby v. Bury*, where the Court recognized that if the purported experts testimony is based upon sufficient facts or data then the "use of force experts may testify regarding the Defendant police department's policies conforming with national standards; however, they may not testify regarding the propriety of the actions taken by the officers in the circumstances at issue. See, *Doby v. Berry*, 2006 WL 3518611 (M.D. FLA).

Rather than addressing the case law cited by Plaintiff, the Defendants cite *Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir. 1991) which does not address the admissibility of the proposed testimony, and a footnote in *Muhktar v. California State University*, 299 F.3d 1053 (9th Cir. 2002) which specifically states that the Court is required to conduct a thorough inquiry of the proposed expert under the *Daubert* standard and **shall not** allow the purported expert to testify regarding thier legal conclusion.

Accordingly, the Defendants have completely failed to address the issues raised in Plaintiff's Motion and have completely failed to demonstrate that Mr. McCarthy's testimony will meet the scrutiny of the *Daubert* standard.

In light of the foregoing, Mr. McCarthy should be excluded from testifying at the trial herein and his report should not be utilized when addressing the pending Summary Judgment Motions herein.

DATED this ___4th___ day of June, 2007.

Respectfully Submitted:

RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
Fax: (702) 598-1425

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply to Opposition to Plaintiff's Motion to Exclude Testimony of Purported Expert Ron McCarthy was sent this 4st day of June, 2007 by US Regular Mail to the following:

Michele Iafrate
Iafrate & Associates
649 North 2nd Avenue
Phoenix, Arizona  85003
Attorney for Defendants, City of Glendale, Laura Beeler and
J. Carlo

Rosemary Reyes
An Employee of Chesnoff & Schonfeld